# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KARIMANA MATLOCK,

    *Plaintiff,*

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    *Defendant.*

Case No. 14-1306-EFM

## MEMORANDUM AND ORDER

Plaintiff Karimana Matlock seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income under Title XVI of the Social Security Act. Plaintiff alleges that the administrative law judge ("ALJ") erred in determining her residual functional capacity ("RFC") because the ALJ failed to provide a proper narrative statement, erred in making a credibility analysis, and erred in his step five finding. Having reviewed the record, and as described below, the Court affirms the order of the Commissioner.

### I.     Factual and Procedural Background

Karimana Matlock was born on July 1, 1994. On June 6, 2011, Matlock applied for supplemental security income alleging a disability. Matlock was an adolescent when the

application was filed in 2011 and turned eighteen years old in 2012.[1] Matlock alleged disability based on lupus, fibromyalgia, autoimmune disease, arthritis, pain in kidneys, and back pain. Her application was denied initially and upon reconsideration. Matlock then asked for a hearing before an ALJ.

ALJ Christina Young Mein conducted an administrative hearing on December 3, 2012. Matlock was represented by counsel at this hearing, and Matlock testified about her medical conditions. The ALJ also heard from a vocational expert.

On February 20, 2013, the ALJ issued her written decision, finding that Matlock had not engaged in substantial gainful activity since the date the application was filed. The ALJ found that Matlock suffered from fibromyalgia and an unclassified autoimmune disease.[2] The ALJ determined that Matlock's impairment or combination of impairments did not meet or medically equal a listed impairment in 20 C.F.R. § 416.920(d).

The ALJ determined that Matlock had the RFC

> to perform less than the full range of sedentary work as defined in 20 CFR 416.967(a). The claimant can lift up to 10 pounds occasionally, stand/walk for 2 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday with normal breaks. The claimant can never climb ladders, ropes, or scaffolds or operate foot controls. She can never kneel, crouch, or crawl. She can occasionally stoop. She is limited to jobs that do not require overhead reaching. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, and excessive vibration. In addition, the claimant must avoid all exposure to unprotected heights and hazardous machinery.

---

[1] 42 U.S.C. § 1382c(a)(3)(C)(i) required the ALJ to determine whether Plaintiff was disabled pursuant to the childhood standard of disability prior to Plaintiff turning eighteen years old. 42 § U.S.C. 1382c(a)(3)(A) required the ALJ to determine whether Plaintiff was disabled pursuant to the adult standard of disability after turning eighteen years old. Plaintiff does not challenge the ALJ's determination that Plaintiff was not disabled under the childhood disability standard. Thus, the Court will not address the issue.

[2] The ALJ found that Matlock suffered from these ailments prior to turning eighteen. The ALJ further found that after Plaintiff turned eighteen, these ailments continued, but Plaintiff did not develop any new impairment or combination of impairments.

The ALJ then determined that Matlock had no past relevant work. However, considering Matlock's age, education, work experience, and RFC, the ALJ determined that jobs existed in the national economy that Matlock could perform. Thus, the ALJ concluded that Matlock had not been under a disability since June 30, 2012, the day Matlock turned 18 years old, through the date of the decision.

Given the unfavorable result, Matlock requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Matlock's request on July 23, 2014. Accordingly, the ALJ's February 2013 decision became the final decision of the Commissioner.

Matlock filed a complaint in the United States District Court for the District of Kansas. She seeks reversal of the ALJ's decision and remand to the Commissioner for a new administrative hearing. Because Matlock has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.   Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[3]  The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[4]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a

---

[3] 42 U.S.C. § 405(g).

[4] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

reasonable mind might accept to support the conclusion."[5] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[6]

An individual is under a disability only if he can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[7] This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[8]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[9] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[10]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of

---

[5] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[6] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[7] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[8] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[9] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[10] *Barkley*, 2010 WL 3001753, at *2.

impairments.[11] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[12]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[13] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[14] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[15]

### III.   Analysis

Plaintiff asserts three arguments. First, Plaintiff contends that the ALJ erred in determining her RFC because the ALJ did not provide a proper narrative statement. Next, Plaintiff asserts that the ALJ erred in determining that she was not fully credible. Finally, Plaintiff argues that the ALJ erred in making her step five findings.

---

[11] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[12] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[13] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[14] *Lax*, 489 F.3d at 1084.

[15] *Id*.

### A. Plaintiff's RFC

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."[16] The RFC assessment, however, "does not require citation to a medical opinion, or even to medical *evidence* in the administrative record for each RFC limitation assessed."[17] The assessment must be sufficiently articulated to provide for meaningful review.[18] The ALJ has a duty to consider all the medical opinions in the record and discuss the weight assigned to each opinion.[19]

Plaintiff argues that the ALJ failed to provide a link from the evidence to the RFC findings. Plaintiff asserts that the ALJ's RFC differs from all of the medical opinions of record but that it appears to reflect a November 2011 opinion from Mr. Willer, a school social worker. Plaintiff states that the ALJ adopted the social worker's opinion but did not adopt one portion of that opinion, the portion that opined that Plaintiff would be unable to maintain adequate job attendance, and the failure to adopt that portion of the opinion is error. In addition, Plaintiff contends that because the ALJ never indicated what weight she gave Mr. Willer's November 2011 opinion, it was unclear how the ALJ weighed the opinion and impossible to know how the ALJ created the RFC.

In making the RFC determination, the ALJ discussed the medical doctors' opinions. She stated that she gave no weight to Drs. Heeb and Franz's opinions. With regard to Dr. Heeb, the

---

[16] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (Soc. Sec. Admin. July 2, 1996); *see also Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[17] *Teneyck v. Astrue*, 2012 WL 1901285, *8 (D. Kan. May 25, 2012) (citation omitted).

[18] *Spicer v. Barnhart*, 64 F. App'x 173, 177-78 (10th Cir. 2003).

[19] *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014).

ALJ noted that Dr. Heeb's opinion was vague and equivocal and did not set forth any specific functional limitations. In addition, the ALJ stated that Dr. Heeb's findings were not supported by objective evidence. As to Dr. Franz, the ALJ stated that she gave Dr. Franz's opinion no weight because Dr. Franz only saw Plaintiff a few times and the basis for Dr. Franz's limited opinion was unclear.

Although the ALJ did not note explicitly in the RFC portion of the opinion what weight she gave Mr. Willer's opinion, in a previous section of the ALJ's opinion (the six domains of function), the ALJ specifically stated that she gave no weight to Mr. Willer's opinion. The ALJ reasoned that with respect to Mr. Willer's opinion evidence, there was a conflict between his September and November opinions, and his opinions were vague. It is reasonable to conclude that the ALJ gave no weight (or little weight) to Mr. Willer's opinion in calculating the RFC. The ALJ also previously stated that she gave great weight to the state agency consultant's opinion. Thus, it is reasonable to conclude that the ALJ considered and relied upon the state agency consultant's opinions when formulating the RFC in this case.

The ALJ discussed the medical evidence of record throughout her opinion. The ALJ also considered the opinion evidence of record and stated what weight she gave that opinion evidence. Finally, the ALJ stated that she considered Plaintiff's testimony (as well as the evidence regarding Plaintiff's activities) and Plaintiff's mother's report and testimony. Thus, it appears that the ALJ evaluated both the medical and non-medical evidence in formulating Plaintiff's RFC.

As noted above, this Court's job is not to reweigh the evidence or substitute its judgment for the Commissioner.[20] Instead, the Court must review the record to determine if substantial evidence supports the ALJ's decision and whether the ALJ sufficiently articulated the reasons to provide for meaningful review.[21] In this case, the Court finds that the ALJ cited to substantial evidence in the record and adequately explains and links the RFC assessment to that evidence.

### B. Plaintiff's Credibility

Plaintiff next alleges that the ALJ failed to provide a proper credibility analysis because the ALJ frequently relied upon the objective evidence of record for discounting Plaintiff's allegations of pain. Plaintiff's argument is without merit.

An ALJ's credibility determinations are generally treated as binding on review.[22] "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.[23] The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[24] However, notwithstanding the deference generally given to an ALJ's credibility determination, " 'findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.' "[25]

---

[20] *Bowman*, 511 F.3d at 1272 (citing *Casias*, 933 F.3d at 800).

[21] *Lax*, 489 F.3d at 1084; *Spicer*, 64 F. App'x at 177-78.

[22] *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).

[23] *Wilson*, 602 F.3d at 1144; *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

[24] *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

[25] *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (citing *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1995)).

In this case, the ALJ reviewed the evidence and concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of her symptoms" were not entirely credible. The ALJ noted the objective evidence of record and noted that physical examinations were often unremarkable and that Plaintiff denied pain on multiple examinations. Although Plaintiff also stated that her pain occurred "all the time" and that she must lie in bed all day at times, the ALJ noted that Plaintiff was currently taking college courses several times a week. The ALJ is the finder of fact and cites to the evidence of the record in making her finding that Plaintiff was not entirely credible.

Plaintiff states that a fibromyalgia diagnosis frequently defies objective medical evidence, and the lack of objective medical evidence is not indicative of whether or not a person suffers from fibromyalgia. Thus, Plaintiff contends that the ALJ's reliance on the objective evidence was in error. The ALJ, however, did not discount that Plaintiff had fibromyalgia by relying upon the objective evidence. Indeed, the ALJ included fibromyalgia as one of Plaintiff's severe impairments. The ALJ discussed the lack of objective medical evidence as support for not finding Plaintiff fully credible as to the intensity and limiting effect of Plaintiff's alleged pain.

Based on a review of the record, this Court determines that the ALJ articulated specific reasons for finding Plaintiff not fully credible, and these reasons are affirmatively linked to evidence in the record. As stated above, the Court will not reweigh the evidence or substitute its own judgment for that of the ALJ.[26] Accordingly, Plaintiff's assignment of error with regard to credibility is without merit.

---

[26] *Bowman*, 511 F.3d at 1272 (citing *Casias*, 933 F.3d at 800).

### C.  Step Five Findings

Finally, Plaintiff contends that the ALJ erred at step five of the sequential evaluation because there was a conflict between the vocational expert's testimony and information in the Dictionary of Occupational Titles, and the ALJ did not elicit a reasonable explanation before relying on vocational expert's testimony. Plaintiff then states, however, that the ALJ's failure to resolve this conflict did *not* cause harm. Thus, the Court is unclear as to Plaintiff's contention as to this alleged error.[27]

If Plaintiff intended to contend that the ALJ's failure to resolve the conflict caused harm, this argument is without merit. Social Security Ruling 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a Vocational Expert's (VE) testimony regarding a job and the description of that job in the Dictionary of Occupational Titles."[28] In this case, the ALJ specifically asked the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles, and the vocational expert stated that it was consistent. Thus, there does not appear to be a conflict, and there was no need for the ALJ to resolve a conflict before relying upon the vocational expert's testimony.

Plaintiff also argues that the vocational expert's expertise was lacking and thus the ALJ erred in relying upon the vocational expert's testimony. Plaintiff does not provide the Court with any evidence, other than speculation, as to the vocational expert's lack of expertise. In addition, Plaintiff does not provide the Court with any law relating to this matter.

---

[27] Plaintiff also does not succinctly explain what she contends is the alleged conflict.

[28] *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (citing Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4 (Soc. Sec. Admin. Dec. 4, 2000)).

In any event, the ALJ formulated a proper hypothetical, which took into account, all of Plaintiff's limitations in her RFC, to the vocational expert. The ALJ's reliance on the vocational expert's testimony was therefore proper.[29] Accordingly, the Court finds that Plaintiff's argument on this point is without merit.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 11th day of September, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[29] *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (noting that if the ALJ "propounded a hypothetical question to the [vocational expert] that included all the limitations the ALJ ultimately included in [the] RFC assessment," the "[vocational expert's] answer to that question provided a proper basis for the ALJ's disability decision").